### George H. Shank, Appellee, v. Gerrard Wire Tying Machines Company, Inc., Appellant.

#### Gen. No. 32,634.

Opinion filed November 19, 1928.

FRANK SCHOFIELD and DAVID K. TONE, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee; HENRY S. MOSER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, by an action in assumpsit, sought to recover the amount of certain fire insurance premiums paid by him and which he claims defendant agreed to repay under the provisions of a certain lease wherein plaintiff is landlord and defendant is tenant. Defendant filed amended and supplemental affidavits of merits which were stricken by the trial court and judgment was entered against it for $6,362.97, from which it appeals.

Only one question is involved, namely, When was defendant to pay plaintiff these insurance premiums? Plaintiff's declaration alleged the lease between the parties for a term commencing May 1, 1920, and ending April 30, 1930, at a specified rental payable in monthly instalments in advance. The clause in controversy is:

"Second, in addition to the rental hereinabove specified, the party of the second part agrees to pay the Fire Insurance premiums on $140,000.00 insurance on the building herein demised during the term of this lease."

The declaration alleged the payment by plaintiff, the landlord, of certain premiums for fire insurance and claimed that under this provision of the lease defend-

ant was obligated to repay the same to plaintiff. Defendant asserted that it is not now liable to plaintiff for these premiums and will not become indebted for the same until the expiration of the term of the lease, namely, April 30, 1930. It will be noted that there are no times specified in the insurance provision nor elsewhere in the lease for the payment of the premiums by the tenant. The question then is whether under a proper construction of this provision plaintiff is entitled to recover these premiums from the tenant as soon as he, the landlord, has bought the insurance, or must he, as defendant claims, wait until the lease has expired.

All of the cases cited by defendant in support of its contention are cases involving rent, where it is held that, where there is no provision in a lease for the time of payment of rent, it is due at the end of the term, no custom or usage to the contrary being shown.

The rule that rent, unless otherwise determined, is payable at the end of the period seems to have had its rise in leases of land for cultivation, the theory being that since rent is a part of the profits of the land, it is not payable until it has been earned by the tenant's enjoyment of the premises. That reason does not apply to the obligation of a lessee to insure, which is in the nature of security for the benefit of both landlord and tenant.

The clause under consideration negatives that the agreement to pay fire insurance premiums is an agreement to pay additional rent. The language is, "in addition to the rental hereinabove specified."

Nor are the cases cited by plaintiff in point. All of them can be readily distinguished from the instant situation, as has been done in defendant's reply brief. In the limited time we had to search beyond the briefs, we did not find any reported case precisely in point.

The provision, then, must be construed as a simple agreement by the tenant to pay whatever fire insurance

premiums the landlord might pay "during the term of this lease" for a certain specified amount of insurance. It follows that the provision calls for the application of the general rule that, when one party agrees to pay money to another, no time being specified for such payment, there is an agreement to pay on demand or within a reasonable time. That this is the general rule applicable to obligations to pay money cannot reasonably be disputed.

Applying this to the instant question, we hold that the obligation of the tenant to repay the insurance premiums to the landlord matured when the landlord paid the same to the insurance company or companies. As evidently these payments were made some considerable time before suit was brought, the question of reasonable time is not involved.

It follows that the trial court was correct in holding, in effect, that the suit was not prematurely brought and in entering judgment for the plaintiff, which is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.